UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN COXON,                         ) | |
|                 Plaintiff,              ) | Civil Action No. 1:24-cv-03191 (UNA) |
| v.                                      ) | |
| UNITED STATES DISTRICT COURT            ) | |
| FOR THE DISTRICT OF COLUMBIA,           ) | |
|                 Defendant.             ) | |

**Memorandum Opinion**

This matter is before the Court on its initial review of Plaintiff's *pro se* "petition for respondent to take acknowledgment," construed as a civil complaint, and his application for leave to proceed *in forma pauperis*, ECF Nos. 1, 2. The Court grants the *in forma pauperis* application. For the reasons below, the Court dismisses this matter without prejudice.

Here, Plaintiff's allegations fail to comply with pleading standards, with Federal Rules 8(a)–(b) and 10(b), or with D.C. Local Civil Rule 5.1(c)(1), (d), and (g). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff contends that he "is a victim of violations of laws of the United States against the Plaintiff" and asserts that he is "attempting to cause release of the Plaintiff from kidnapping of the Plaintiff." ECF No. 1 at 11-12. He further alleges that unnamed bad actors have been "causing force [to] strike the body of the Plaintiff . . . including . . . operating tech" to do so and that he "is

attempting to cause stop of abstinence from prosecution of cause of prosecution of institution of prosecutions against prosecution by the Government of the United States." *Id.* at 13–14. He also alleges that several federal agencies have orchestrated repeated "harassing assaults and assaulting harassments" from 2011 through September 2024. *See id.* at 16–19.

The Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the complaint, ECF No. 1, is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   January 31, 2025                                /s/_____
                                                                    AMIR H. ALI
                                                            *United States District Judge*